IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                    No.     CV 16-0343 MV/LAM
                                                      CR 12-0969 MV

RICHARD E. LUNA,

    Defendant/Movant.

# AMENDED PROPOSED FINDINGS
# AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on reconsideration of the Court's *Proposed Findings and Recommended Disposition (Doc. 16)* ("PF&RD"), filed February 14, 2017, in light of the submission, on March 23, 2017, of a "Second Memorandum" by the United States Probation Office [*Doc. 19*]. In the original PF&RD, the Court considered the claims raised in Defendant/Movant's ("Defendant's") § 2255 motion [*Doc. 4*] that his prior convictions for residential and commercial burglary no longer qualify as convictions for crimes of violence pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, therefore, cannot be used to enhance his sentence. The Court found that New Mexico residential burglary is not broader than the federal, generic definition, and recommended denying Defendant's claim that his

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

1

residential burglary convictions do not fall under the ACCA's enumerated clause. *See* [*Doc. 16* at 9-10]. The Court further found that New Mexico commercial burglary is broader than the federal generic definition of burglary, and recommended granting Defendant's claim that his conviction for commercial burglary may not be used as an ACCA-predicate offense under the enumerated clause. *See id.* at 13-14. The Court relied upon the parties' statements in their briefing on Defendant's § 2255 motion that Defendant was subject to the Armed Career Criminal Act ("ACCA") based on two prior convictions for residential burglary, and one prior conviction for commercial burglary. *See id.* at 2 (relying on *Doc. 4* at 2 and *Doc. 8* at 2). The parties did not provide a copy of the Presentence Report upon which they relied in their briefs to the Court. Therefore, the Court found that, absent Defendant's prior conviction for commercial burglary, Defendant was left with only two prior violent felony convictions instead of the three that the ACCA requires for enhancing a sentence, and recommended vacating Defendant's sentence and resentencing Defendant absent the ACCA-enhancement. *See id.* at 14.

In the Probation Office's March 23, 2017 Second Memorandum, the probation officer states that, based on the original PF&RD, "the defendant's case was re-reviewed," and "defendant has a total of five Residential Burglary convictions . . . each which occurred on occasions different from one another and that qualify as violent felonies." [*Doc. 19* at 1]. The probation officer, therefore, states that Defendant is an armed career criminal subject to an enhanced sentence under the ACCA. *Id.* On March 27, 2017, the Court ordered Defendant to provide the Court with a copy of the Presentence Report upon which he relied in support of his § 2255 motion. *See* [*Doc. 20*]. On April 5, 2017, Defendant filed under seal a copy of his February 7, 2013 Presentence Report, an addendum dated March 29, 2013, and a memorandum dated June 8, 2016. [*Doc. 21*]. This report shows that Defendant has five residential burglary convictions, not just two as stated by the parties. *See* [*Doc. 21-1* at 17, 19, and 20].

Based on this new information, the Court submits this amended PF&RD, in which the Court recommends, for the reasons stated in the original PF&RD, incorporated by reference as if fully set forth herein, that Defendant's § 2255 motion [*Doc. 4*] be **GRANTED** as to his conviction for commercial burglary and **DENIED** as to his convictions for residential burglary. However, because Defendant has five prior residential burglary convictions, all of which qualify as prior convictions under the ACCA, the Court no longer recommends that Defendant's sentence be vacated or that Defendant be resentenced and, instead, recommends that Defendant's § 2255 motion be **DENIED** and that this case be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**