IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,                                   No.     16-cv-0343 MV-KRS
                                                                               12-cr-0969 MV
v.

RICHARD ELIZARDO LUNA,

       Defendant/Movant.

## THIRD AMENDED PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

Richard Elizardo Luna, presently incarcerated at FCI Florence, seeks review of his sentence under 28 U.SC. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct 2551 (2015). In his motion to vacate, Luna contends that he has three convictions for burglary under Section 30-16-3(A) and (B) of the New Mexico Statutes that no longer qualify as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), the basis used to enhance his sentence to 180 months. [Docs. 57 & 61].[1] The Government filed a response in opposition [Doc. 64], and Luna a reply [Doc. 66]. The parties have also on two occasions submitted objections, responses, and replies to earlier recommendations from this Court's predecessor, [*See* Docs. 70, 72, 76, 77, & 80], and objections and a response to the subsequently proposed disposition by this Court. [*See* Docs. 82 & 83]. Acting under its inherent authority to reconsider previous rulings and an order of reference from United States District Judge Martha Vazquez to conduct proceedings, *see* 28 U.S.C. § 636, the

---

[1] The docket numbers ("Doc.") cited herein refer to the criminal docket unless denominated as "CV Doc." In the District of New Mexico, pleadings and other papers submitted in Section 2255 cases commenced before January 1, 2017, are filed in the underlying criminal case and a separately opened civil matter created upon the filing of the motion challenging the sentence. For unknown reasons, the two electronic dockets, while similar, are not identical. For that reason, the Court uniformly cites to the criminal docket except when a submission is only available among the civil filings.

Court has considered the parties' submissions and now **RECOMMENDS** Luna's motion be **DENIED**, he not be **RESENTENCED**, and this matter be **DISMISSED WITH PREJUDICE**.

## I.   BACKGROUND

### A.   Facts Underlying Conviction

On April 24, 2012, a federal grand jury returned a single-count indictment charging Luna as a felon in possession of a firearm contrary to Title 18, Sections 922(g)(1) and 924(a)(2) of the United States Code. [Doc. 2]. The indictment listed three prior felonies as the basis for the offense, including two convictions for residential burglary and one for larceny. [Doc. 2, ¶¶1-3]. On December 5, 2012, Luna pleaded guilty to the charge and executed a formal plea agreement. [Doc. 42]. United States Magistrate Judge Robert Hayes Scott accepted the plea, and the matter was set for sentencing. [Doc. 43].

The factual basis for Luna's commission of the offense is set forth in the plea agreement. [Doc. 42, ¶5]. Luna admitted that in July of 2012, he knowingly possessed a Smith & Wesson model 5903, 10 rounds of Federal brand 9 millimeter cartridges and a single Winchester brand 9 millimeter cartridge. [Doc. 42, ¶9]. Luna also agreed that "the Court may rely on any of these facts, as well as facts in the presentence report to determine the Defendant's sentence, including but not limited to, the advisory guideline offense level." [Doc. 42, ¶10]. The parties nonetheless proposed a sentence of 180 months as representing the appropriate amount of incarceration in light of the crime's nature and severity. [Doc. 42, ¶5].

The United States Probation Office prepared a report in advance of Luna's sentencing. [CV Doc. 21]. This Presentence Report ("PSR") noted that Luna "has at least three prior convictions for a violent felony, or drug offense, or both, which were committed on different occasions." [CV Doc. 21, p. 11]. As a result, the Probation Office determined that Luna "is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. §

924(e)." [*Id.*]. Although the PSR indicated Luna had convictions for seven drug or violent felonies, the Probation Office listed four convictions in paragraph 28 of the PSR, the portion of the report used to propose an ACCA enhancement: two June 12, 1987 convictions for residential burglary in New Mexico's Second Judicial District; an August 16, 1996 conviction for the same crime in the same district; and a December 15, 2008 conviction for commercial burglary in the same district. [*Id.*]. Although paragraph 28, subsection 1) identified one conviction date for two residential burglaries, the offenses were committed on two different dates, in different locations, and against two different victims—on August 19, 1986 and March 26, 1986; and against Robin Otten and Albert Marquez at their residences, respectively. [*Id.*]. In a separate section detailing Luna's full criminal history, the PSR documented a total of four adult convictions for residential burglary, among numerous others. [*Id.*, pp. 12-29].

On March 22, 2013, Luna filed objections to the PSR. [Doc. 47]. In relevant part, he challenged his conviction for "commercial burglary . . . as qualifying him as an Armed Career Criminal" for sentencing purposes. [Doc. 47, pp. 2-3]. Specifically, Luna argued, that conviction is not a violent felony under the categorical approach and facts of the offense. [Doc. 47, pp. 3-6]. The Government responded to the objection and asserted that there were many other residential burglary convictions that would support the ACCA enhancement, and generic commercial burglary is a qualifying violent felony at any rate. [Doc. 49, pp. 4-5]. On April 22, 2013, United States District Judge Nancy Freudenthal adopted the PSR findings and sentenced Luna to 180 months incarceration, the minimum required by the ACCA. [Docs. 52; 53].

### B. Procedural Facts

On April 25, 2016, Luna filed the instant motion pursuant to 28 U.S.C. § 2255 and *Johnson* challenging the Court's use of his burglary conviction under N.M. Stat. Ann. § 30-16-3(B) as a basis for the ACAA enhancement. [Doc. 57]. The Court subsequently appointed counsel to

*United States v. Luna*
*Third Amended PFRD*
Page **3** of **17**

assist him. [Doc. 59]. Thereafter, the Government filed a response in opposition [Doc. 64], and Luna a reply [Doc. 66]. United States District Judge Martha Vazquez referred the matter to this Court's predecessor, Magistrate Judge Lourdes Martinez, on January 25, 2017 for proposed findings and a recommended disposition ("PFRD"). [CV Doc. 15]. The papers filed by both Luna and the Government through April 25, 2017 proceeded under the premise that paragraph 28 of the PSR, concerning ACCA enhancement of Luna's sentence, listed two convictions for residential burglary and one conviction for commercial burglary.

On February 14, 2017, Judge Martinez issued the first of two PFRDs. [Doc. 70]. In the first report, Judge Martinez recommended resentencing. [Doc. 70, p. 14]. Judge Martinez reasoned that under the modified categorical approach, Luna's conviction for commercial burglary was not a violent felony and could not be used to enhance his sentence under the ACCA. [Doc. 70, pp. 10-14]. Judge Martinez further reasoned that since the offense of commercial burglary could not be used to enhance Luna's sentence under the ACCA, and there were only two permissible prior convictions, Luna's 15-year minimum sentence was illegal. [Doc. 70, pp. 13-14].

Following objections [Doc. 72], Judge Martinez issued a second PFRD on April 25, 2017 reconsidering her earlier recommendation. [Doc. 76]. Based on Luna's substantial criminal history that included additional convictions for residential burglary under Section 30-16-3(A) as outlined in a separate section of the PSR that had only then become available to the Court, Judge Martinez recommended that Luna's motion to vacate his sentence be denied. [Doc. 76, p. 3]. Luna timely objected, urging Judge Vazquez not to adopt the recommendation. [Doc. 77, p. 12]. Luna asserted that the Government waived reliance on the other residential burglaries in the PSR's recitation of his criminal history because those were *not* used in actually enhancing his sentence. Luna argued that paragraph 28 of the PSR listed only the two residential burglaries and

the single commercial burglary, and that only those convictions had formed the predicate under the ACCA for the enhancement of his sentence. [Doc. 77, pp. 5-8].

The Government disagreed in an amended response to Luna's objection. [Doc. 79]. It insisted the Eleventh Circuit precedent Luna cited does not support his waiver contention and, at any rate, the crime of commercial burglary under N.M. Stat. Ann. § 30-16-3(B) qualifies post *Johnson* as one of the violent felonies enumerated in the ACCA. [Doc. 78, pp. 3-4]. The Government also contended that other residential burglary convictions listed in the criminal history portion of the PSR, but not in paragraph 28, could be relied upon to enhance Luna's sentence under the ACCA. [Doc. 78, pp.3-4]. Significantly, the Government did not then assert and had not yet contended that the June 12, 1987 conviction for residential burglary set forth in the paragraph 28 of the PSR *actually* encompassed two distinct convictions for residential burglaries committed on different dates, in different places, and with different victims, rather than serving as only one conviction for ACCA purposes. Luna filed a reply[2] on June 7, 2017 reiterating his waiver argument. [Doc. 80]. On June 13, 2017, Judge Vazquez referred the matter to this Court. [CV Doc. 28].

On June 20, 2017, this Court issued its Second Amended Proposed Findings and Recommended Decision ("Second Amended PFRD") [Doc. 81], in which this Court recommended resentencing. [Doc. 81, p. 16]. The Court analyzed Luna's challenge under Section 2255 based on the same premise as the parties and Judge Martinez—that paragraph 28 of the PSR listed two residential burglary convictions and one commercial burglary conviction. As had Judge Martinez, this Court reasoned that Luna's two convictions for residential burglary were violent felonies and could be used to enhance Luna's sentence under the ACCA, but, under the modified categorical approach, Luna's conviction for commercial burglary could not. [Doc.

---

[2] Federal Rule of Civil Procedure 72 does not expressly permit a reply. Because the issue of waiver is well presented at this point, it is of little consequence but the Court will consider it nonetheless.

81, pp. 8-9]. As a result, the Court concluded that Luna's fifteen-year minimum sentence was invalid because only two prior convictions in paragraph 28 that qualified under the ACCA as predicates. [Doc. 81, pp. 9-12].

The Court departed from Judge Martinez's amended recommendation, which was similarly predicated on paragraph 28 of the PSR listing only two residential burglary convictions, in one key respect. The Court determined due process and fundamental fairness militated in favor of resentencing Luna. [Doc. 81, pp 13-14]. While Luna did have other convictions as reflected in the criminal-history portion of the PSR, Luna was not afforded adequate notice that the Government intended to use those offenses as predicates under the ACCA. [Doc. 81, pp. 13-14].

The Government objected to the Second Amended PRFD on July 5, 2017. [Doc. 82]. For the first time in this proceeding, the Government expressed its position that paragraph 28 of the PSR "sets forth the ACCA eligible convictions in three paragraphs, *but there are four convictions described therein…*" [Doc. 82, p. 3 (emphasis added)]. The significance, according to the Government, is that paragraph 28, the portion of the PSR designed to provide notice to Luna of the convictions that justify an enhanced sentence under the ACCA, set forth three residential burglaries. As a result, notwithstanding Luna's conviction for commercial burglary that does not qualify as a predicate under the ACCA post *Johnson*, Luna was appraised of three valid predicate felonies from paragraph 28 itself, necessarily alleviating the Court's due process concerns. On July 20, 2017, Luna filed a response to the Government's objection, insisting that the Government waived its ability to rely not only on the criminal history section of the PSR but also, to the extent the Government had valid documentation, the third residential burglary offense listed in paragraph 28. [Doc. 83, pp 2-6].

## II. APPLICABLE LAW

An offense under Section 922(1) for being a felon in possession carries a maximum prison term of ten years so long as the offender has not been convicted of three previous violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(a)(2) & (e)(1). If the defendant has the three prior convictions, the ACCA imposes a *minimum* sentence of 15 years' incarceration. At the time of Luna's conviction, the ACCA defined violent felonies as an offense "punishable by more than a year," involving "as an element the use, attempted use, or threatened use of force," or the crime is "burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Court enhanced Luna's sentence under the ACCA.

Two years after Luna's sentencing, the United States Supreme Court held that the ACCA's "residual clause"—the one that allows an ACCA enhancement for crimes "otherwise involving conduct that presents a serious risk of physical injury"— is unconstitutionally vague, but left intact the enumerated-crimes provision (burglary, arson, extortion, crimes involving explosives). *Johnson*, 135 S. Ct. at 2256. *Johnson*'s holding is retroactive, *see Welch v. United States*, __ U.S. __, __, 136 S. Ct. 1257, 1268 (2016), and Luna asserts that a sufficient number of convictions listed in paragraph 28 of the PSR to support enhancement of his sentence do not survive *Johnson*'s mandate. He is partially correct, but should not be resentenced.

## III. ANALYSIS

Whether a conviction for burglary qualifies as a violent felony post *Johnson* requires the Court to compare that offense under New Mexico law to the federal "generic" version of the same crime. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). Under this "categorical approach," the Court focuses "solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the

case." *Mathis v. United States*, __U.S.__, __, 136 S. Ct. 2243, 2248 (2016). If the elements of New Mexico burglary—or "things the prosecution must prove to sustain a conviction"— are broader than the federal generic counterpart, meaning they "cover any more conduct than the generic offense," then New Mexico burglary cannot be used to enhance a sentence imposed under the ACCA. *Id.*

If New Mexico's burglary statute is "divisible" in that it contains, for example, discrete subparagraphs describing in essence "multiple crimes" or alternatives with different punishments, then the Court is obligated to employ the modified categorical approach. *Id.* Under this framework, the Court examines the defendant's underlying charging and sentencing records to determine the type of burglary under New Mexico law that was the basis for Luna's conviction. *Shepard v. United States*, 544 U. S. 13, 26 (2005) (allowing review of a "limited class" of documents such as the indictment, jury instructions, and/or plea records to determine under which part of a divisible criminal statute a defendant was convicted). After determining the crime is divisible, the Court then applies the categorical approach described above. *See id.*

### A.     Luna's Residential Burglary Convictions.

Luna argues in his response to the Government's objection to the Second Amended PFRD that "residential burglary is not a 'violent felony' under a non-residual clause definition of the term" and "Mr. Luna's residential burglary convictions are not for a 'violent felony' on that ground either." [Doc. 83, p. 3]. The analysis of whether Luna's residential burglary convictions may be used to enhance his sentence under the ACCA is fairly straightforward. First, New Mexico's burglary statute is divisible, between residential burglary and non-residential burglary. *See* N.M. Stat. Ann. 30-16-3(A) & (B). Second, Luna's convictions for residential burglary qualify as violent felonies under the ACCA.

Section 30-16-3 of the New Mexico Statutes defines "[b]urglary . . . [as] the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, moveable or immoveable, with the intent to commit any felony or theft therein." The statute then proscribes two categories of conduct, burglary of a dwelling and burglary of anything else:

> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony;
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, moveable or immoveable, with the intent to commit a crime therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3(A) & (B). Because Subsections A and B list "elements in the alternative" and ascribe different punishments to each, burglary in New Mexico is divisible into residential (subsection A) and non-residential (subsection B). *Mathis*, 136 S. Ct. at 2249.

Courts considering Section 30-16-3 under the ACCA have reached the same conclusion. *See*, *e.g., United States v. Alires*, 2017 U.S. Dist. LEXIS 65582, *42 (D.N.M. May 1, 2017); *Turrieta v. United States*, 2016 U.S. Dist. LEXIS 151593, *5-6 (D.N.M. Oct. 28, 2016) (burglary in New Mexico "is divisible into two separate crimes: Subsection (A), the burglary of a dwelling house; and Subsection (B), the burglary of a vehicle, watercraft, aircraft, or other structure") (citing *State v. Ervin*, 1981-NMCA-068, ¶ 3, 96 N.M. 366, 630 P.2d 765); *United States v. Lemos*, 2017 U.S. Dist. LEXIS 58120, *14 (D.N.M. Apr. 17, 2017) (same).

The Court must, therefore, determine whether residential burglary under Subsection A proscribes conduct broader or narrower than the generic offense under federal law. *See United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) (explaining that "[f]or courts faced with a divisible statute, the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction" and "[o]nce the relevant elements are identified, the court applies the categorical approach") (citations omitted). The Court concludes that Section 30-16-

3(A) proscribes conduct narrower than the generic offense under federal law and therefore qualifies as a violent felony for purposes of the ACCA despite Luna's argument to the contrary.

Federal law generically defines burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Because residential burglary in New Mexico only allows conviction if the prosecutor proves beyond a reasonable doubt that the defendant entered into a "dwelling house," it is narrower than the federal generic version of burglary that proscribes entry into a dwelling *or* structure. *Compare* §30-16-3(A) ("Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony") *with United States v. Silva*, 608 F.3d 663, 668 (10th Cir. 2010) (explaining that the term "structure" in the federal generic definition means any "enclosed space or building, . . . not in a boat or motor vehicle").

Luna's contention that federal law defines burglary of a dwelling as burglary of "an enclosed space that is used or intended for use as a human habitation" and his reliance on *United States v. Rivera-Oros*, 590 F.3d 1123, 1132 (10th Cir. 2009) for that proposition, misses the mark because *Rivera-Oros* specifically defined federal burglary for purposes of the Sentencing Guidelines and eschewed application under the ACCA. *See id.* More compelling, the federal courts that have addressed residential burglary under New Mexico law in the context of the ACCA have roundly concluded that it is narrower than its federal counterpart. *See*, *e.g.*, *Alires*, 2017 U.S. Dist. LEXIS 65582, at *55 (concluding "that NMSA 1978, § 30-16-3(A) is the same as, or narrower than, those of the generic offense—here, that offense being burglary."); *United States v. Marquez*, 2017 U.S. Dist. LEXIS 68938, *24 (D.N.M. May 5, 2017) ("[B]urglary of a dwelling under § 30-16-3(A) meets the generic definition of 'burglary.'"); *Sanchez v. United States*, 2017 U.S. Dist. LEXIS 65460, *35 (D.N.M. Apr. 30, 2017) ("Sanchez has not shown that

there is a realistic probability that New Mexico residential burglary could include conduct that falls outside the generic definition of burglary.").

The Court finds no reason to depart from these cases. Under the modified categorical approach, Section 30-16-3(A), residential burglary, is narrower than generic burglary according to federal law. Luna's convictions for residential burglary under Section 30-16-3(A) each constitute a violent felony for purposes of enhancement under the ACCA.

### B. <u>Non-Residential Burglary Under the Modified Categorical Approach</u>.

Luna has one conviction for commercial burglary, and that conviction was listed in paragraph 28 of the PSR as a predicate for enhancing Luna's sentence under the ACCA. The Court's analysis of Luna's commercial burglary conviction under Section 30-16-3(B) NMSA, set forth in the Second Amended PFRD [Doc. 81, pp. 9-12], is not effected by the Government's objection to the Second Amended PFRD, or by Luna's response to the Government's objection. The Court will not restate its analysis of Luna's commercial burglary conviction, and instead adopts by reference the analysis of that conviction set forth in the Second Amended PFRD. In sum, Luna's commercial burglary conviction is not a violent felony in the aftermath of *Johnson* and may not serve as a predicate conviction for an enhancement under the ACCA**.**

### C. The Number of Luna's Convictions for Residential Burglary**.**

Having determined that Luna's convictions for residential burglary are violent felonies and may serve as predicate offenses to enhance his sentence under the ACCA, the Court must also determine whether paragraph 28 of the PSR sets forth Luna's conviction for three residential burglaries committed on different occasions. Luna contends paragraph 28 identifies only two valid ACCA convictions, not the three required for enhancement. [Doc. 83, p. 2]. He points to subsection 1) of paragraph 28 and argues the June 12, 1987 *conviction* date controls, not the distinct dates attributed the actual commission of the residential burglary offenses. [Doc. 83, p.

3]. Luna further asserts that the PSR does not make express findings that the residential burglaries listed in subsection 1) count as two convictions *because* they were committed on different occasions. [Doc. 83, p. 4]. In any event, Luna argues, the Government "lacks conclusive judicial records" to prove three temporally distinct offenses. The Government contends that paragraph 28 of the PSR sets forth three residential burglary convictions for burglaries occurring on different occasions. [Doc. 82, p. 3].

Paragraph 28 of the PSR states:

**Chapter Four Enhancement**: The offense of conviction is a violation of 18U.S.C. § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). The offense level is 34. USSG §4B1.4.

The defendant has a total of seven violent felonies which include the following:

1) On June 12, 1987, the defendant was convicted of Cts. 1 and 10: Residential Burglary in the Second Judicial District Court in Albuquerque, New Mexico, Case No. 198743040. According to the Grand Jury Indictment, Ct. 1 reflects on or about August 19, 1986, the defendant entered Robin Otten's residence without Mr. Otten's permission with intent to commit a felony therein. Ct. 10 reflects on or about March 26, 1987, the defendant entered Albert Marquez's residence without Mr. Marquez's permission with the intent to commit a felony therein.

2) On August 16, 1996, the defendant was convicted of Residential Burglary in the Second Judicial District Court in Albuquerque, New Mexico, Case No.CR95-3632.

3) On December 15, 2008, the defendant was convicted of Commercial Burglary in the Second Judicial District Court in Albuquerque, New Mexico, Case No.CR20082757. According to the Grand Jury Indictment, Ct. 1 reflects on or about May 23, 2008, the defendant entered a structure, Wal-Mart, located at 400 Eubank Boulevard NE, without authorization or permission, with intent to commit a felony or a theft therein. Based on the above predicate offenses, the defendant qualifies as an Armed Career Criminal, pursuant to USSG §4B1.4. Pursuant to USSG §4B1.4(b)(3)(A),the offense level is 34.

[CV Doc. 21-1, p. 11].

The ACCA does not require separate indictments—or even convictions on different dates—but the statute does require that the crimes be temporally distinct. *United States v. Bolton*, 905 F.2d 319, 323 (10th Cir. 1990) (explaining that although the defendant "was convicted in a single judicial proceeding for four armed robberies, the ACCA enhancement was proper because the robberies took place on separate dates and at separate locations."); *United States v. Tisdale*, 921 F.2d 1095, 1098-99 (10th Cir. 1990) (finding that three burglaries occurring on the same night, in the same mall, were "separate criminal episodes" for purposes of the ACCA). To qualify under the ACCA, the Government must establish the three previous convictions arose out of three separate and distinct criminal episodes. *See United States v. Pope,* 132 F.3d 684, 689 (11th Cir. 1998). Three circuits have held that distinctions in time, place, and victim compel the conclusion that the events were separate episodes. *See United States v. Schieman*, 894 F.2d 909, 913 (7th Cir.), *cert. denied,* 498 U.S. 856 (1990); *United States v. Washington,* 898 F.2d 439, 441-442 (5th Cir.), *cert. denied,* 669 U.S. 842 (1990); *United States v. Wicks,* 833 F.2d 192, 193 (9th Cir. 1987) (per curiam), *cert. denied*, 488 U.S. 831 (1988).

Luna argues that the PSR does not make any reference to the criteria for using his past convictions to enhance his sentence under the ACCA. To the contrary, paragraph 28 of the PSR explicitly states that "the defendant has at least *three prior convictions for a violent felony* or serious drug offense, or both, *which were committed on different occasions*." [CV Doc. 21-1, p. 11 (emphasis added)]. Luna is similarly incorrect that subsection 1) of paragraph 28 lists a single conviction for two residential burglaries that were committed on June 12, 1987. [Doc. 83, p. 4]. Subsection 1) unmistakably details two *separate* convictions on June 12, 1987 arising from a single indictment. The prohibition is not on same-day convictions, rather convictions stemming from the same criminal *episode*.

As subsection 1) of Paragraph 28 clarifies, a Bernalillo County grand jury indicted Luna on two counts of residential burglary: burglary of Robin Otten's home on August 19, 1987 (count 1) and burglary of Albert Marquez's residence on March 26, 1987. [CV Doc. 21-1, p. 11]. Contrary to Luna's argument, his conviction date is immaterial. The residential burglaries detailed in subsection 1) occurred in different locations (Robin Otten's residence for Ct. 1 and Albert Marquez's residence for Ct. 10), on different dates (August 19, 1986 for Ct. 1 and March 26, 1987 for Ct. 10), and against two different victims (Robin Otten for Ct. 1 and Albert Marquez for Ct. 10). The two residential burglary convictions set forth in subsection 1) of paragraph 28 of the PSR therefore constitute different criminal episodes and separate convictions for purposes of the ACCA. *See Bolton*, 905 F.2d at 323.

Luna's third qualifying residential burglary conviction under the ACCA is detailed in subsection 2) of paragraph 28 of the PSR, which provides that "[o]n August 16, 1996, the defendant was convicted of Residential Burglary in the Second Judicial District Court in Albuquerque, New Mexico, Case No. CR95-3632." The District Court adopted the PSR findings. [Doc. 52] Accordingly, Luna has three separate convictions for residential burglary that were relied upon by the District Court as the predicate convictions for enhancement of Luna's sentence under the ACCA.

### D.     Luna's Additional Contentions.

In his response to the Government's objections to the Second Amended PFRD, Luna asserts that the Court's due-process analysis remains valid despite the Government's revelation that paragraph 28 lists the details of three, not two residential burglaries. As explained above, prior to the Government's objection the parties had not argued or taken the position that paragraph 28 of the PSR contained three convictions for residential burglary—the question presented centered around the propriety of using the criminal history portion of the PSR to

supply the missing predicate under the ACCA. The Court's due-process holding turned on what appeared to be an implicit understanding between the parties that paragraph 28 of the PSR identified a single offense of residential burglary in subsection 1), a single offense of residential burglary in subsection 2), and a single offense of commercial burglary in subsection 3). On that basis, the Court recommended that Luna be resentenced because Luna could not have known *pre-Johnson* to challenge convictions in other portions of the PSR because the Government might later use them to justify an ACCA enhancement.

The Court concludes that the misapprehension as to the total number of burglaries in paragraph 28 disposes of Luna's constitutional challenge. The essence of due process under the Fifth Amendment is the right to be heard in a meaningful way at a meaningful time. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In this context, due process requires the "PSR and the sentencing court to specifically identify which of a defendant's prior convictions qualify a defendant for an enhanced ACCA sentence" to ensure adequate notice of the basis "on which an ACCA enhancement is recommended and imposed" *See McCarthan v. Warden FCC Coleman-Medium*, 811 F.3d 1237 (11th Cir. 2016), *vacated sub nom on other grounds*, *McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (2017) (en banc).

In this case, the District Court did not rely upon a conviction set forth somewhere other than paragraph 28 of the PSR to enhance Luna's sentence. The District Court explicitly adopted the PSR, including the recitation of three residential burglary convictions in the section devoted entirely to ACCA predicates. [Doc. 52]. Luna did not file objections to the Court's Second Amended PFRD and does not challenge the Court's holding that residential burglary in New Mexico survives *Johnson*'s abolition of the ACCA's residual clause. With the proper information before it, the Court does not doubt that Luna was heard throughout his criminal case in a meaningful way. Luna had the opportunity to object to the PSR, and did challenge the use

of the commercial burglary conviction as a basis to enhance his sentence. Despite the opportunity, Luna did not object to paragraph 28 of the PSR listing of three residential burglaries or to the use of those convictions to enhance his sentence. Luna may not now object to the use of those residential burglary convictions as predicates for the enhancement of his sentence.

Luna also makes a multifaceted final argument, contending that (1) "by not objecting to the district court's failure to include more than two listed residential burglary convictions as the basis for its ACCA sentence the Government has waived its newly-minted substitution request", (2) that "the Government has not made any effort to prove with conclusive judicial records . . . that the residential burglaries for which Mr. Luna was convicted were committed on different occasions", and (3) that "it would be a violation of Mr. Luna's Fifth Amendment right to a grand jury indictment and due process and Sixth Amendment right to a jury trial to apply the ACCA to him absent a grand jury ACCA charge and proof to a unanimous jury's satisfaction beyond a reasonable doubt that Mr. Luna Committed the residential burglaries on different occasions". [Doc. 83, pp. 2-3].

The Court determined that paragraph 28 of the PSR in fact details three separate convictions for residential burglary that may serve as predicate convictions to enhance Luna's sentence under the ACCA. Luna's argument that the District Court relied upon only two residential burglary convictions and one commercial burglary conviction to enhance Luna's sentence is factually incorrect. Similarly, Luna's argument that the Government is seeking to rely upon a conviction other than one of those set forth in paragraph 28 of the PSR is factually incorrect. Accordingly, Luna's arguments to the contrary lack merit.

Luna's argument that application of the ACCA to him violates his Fifth and Sixth Amendment rights under the United States Constitution were raised by Luna for the first time in his response to the Government's objection to the Second Amended PFRD. Issues raised for the

first time in an objection or a response to an objection to a Magistrate Judge's decision are waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Luna's motion under 28 U.S.C. § 2255 [CV Docs. 1& 4; Docs. 57 & 61] be **DENIED**, Luna not be **RESENTENCED**, and this matter be **DISMISSED WITH PREJUDICE.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**