IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,                    No.    16-cv-0343 MV-KRS
                                                                                 12-cr-0969 MV

v.

RICHARD ELIZARDO LUNA,

       Defendant/Movant.

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND DISMISSING CASE WITH PREJUDICE

**THIS MATTER** comes before the Court on Richard Luna's objections to Magistrate Judge Kevin R. Sweazea's third amended report filed on August 8, 2017, recommending that the Court deny Luna's motion to vacate, correct, or set aside sentence. [*See* Docs. 57, 61, 84, & 86].[1] Pursuant to 28 U.S.C. § 636(b), the Court has made a de novo determination of all matters to which Luna objected. Being fully advised, the Court **OVERRULES** Luna's objections, **ADOPTS** the magistrate judge's third amended proposed findings and recommended disposition ("PFRD"), and **DISMISSES** the case with prejudice.

## BACKGROUND

On December 5, 2012, Luna pleaded guilty to possessing a firearm and ammunition as a felon. [Doc. 42]. Under the felon-in-possession statute, Luna's conviction carried a maximum sentence of ten years. *See* 18 U.S.C. §§ 922(g)(1) & 924(a)(2). However, because Luna had

---

[1] The docket numbers ("Doc.") cited herein refer to the criminal docket unless denominated as "CV Doc." In the District of New Mexico, pleadings and other papers submitted in Section 2255 cases commenced before January 1, 2017, are filed in the underlying criminal case and a separately opened civil matter created upon the filing of the motion challenging the sentence. The two electronic dockets, while similar, are not identical. For that reason, the Court uniformly cites to the criminal docket except when a submission is only available among the civil filings.

previously committed more than three "violent felonies," as reflected by multiple convictions for burglary in New Mexico listed in a presentence report ("PSR"), Luna was considered an "armed career criminal." [CV Doc. 21-1, p. 11 (listing past convictions)]. As such, the Armed Career Criminal Act ("ACCA") mandated a harsher prison term of at least fifteen years. *See* 18 U.S.C. § 924(e)(1)-(2). Luna was sentenced to the fifteen-year minimum on April 22, 2013. [Doc. 53].

Two years later, the Supreme Court invalidated the ACCA's "residual clause," *see Johnson v. United States*, 576 U.S.__, 135 S. Ct. 2551 (2015), which forms the basis for Luna's collateral attack under Section 2255. The residual clause refers to the second sentence of Section 924(e)(2)(B)(ii) that broadly defines "violent felony" as "otherwise involv[ing] conduct that presents a serious risk of physical injury to another." 18 U.S.C §924(e)(2)(B)(ii). Important here is that after *Johnson*, an armed career criminal who received the fifteen-year minimum *because of* the residual clause is entitled to resentencing.[2] By contrast, a career criminal sentenced on the basis of the ACCA's other, disjunctive definitions of "violent felony" is unaffected by *Johnson*: the "force clause," which includes "the use, attempted use, or threatened use of physical force against . . . another"; and the "enumerated clause" identifying specific offenses: "burglary, arson, or extortion . . .[or crimes] involve[ing] explosives." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

In his motion for resentencing, Luna argued that his past convictions for burglary under New Mexico law fall into the former camp. Each of the four PFRDs issued by the magistrate judges agreed that *Johnson* invalidated Luna's conviction for non-residential burglary under

---

[2] Under these circumstances, a defendant must still submit his motion under Section 2255 within the one-year statute of limitation that expired on June 27, 2016, a year after *Johnson* was handed down. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, __ U.S. __, __, 136 S. Ct. 1257, 1268 (2016). Luna filed his motion on April 25, 2016, within the time permitted.

N.M. Stat. Ann. § 30-16-3(B), but concluded Luna's other convictions for residential burglary, N.M. Stat. Ann. § 30-16-3(A), satisfied the enumerated clause. [*See* Docs. 70, 76, 81, & 84]. What accounts for the multiple PFRDs is that Luna committed five residential burglaries in New Mexico, but not all of those convictions were described in paragraph 28, the specific part of the PSR dedicated to the ACCA. [CV Doc. 21-1].[3] Judge Martinez initially recommended that Luna be resentenced, reasoning that without the commercial burglary offense, Luna only had two qualifying convictions for residential burglary, one short of the ACCA's threshold. [Doc. 70]. When the Government objected that there were multiple additional qualifying crimes other than those set forth in paragraph 28 of the PSR, Judge Martinez amended her PFRD, recommending that the Court use Luna's other convictions for residential burglary listed in the "criminal history" section of the PSR. [Doc. 76].

When Judge Martinez retired, Judge Sweazea was reassigned the case and entered a second-amended PFRD. [Doc. 81]. Judge Sweazea agreed with the analysis contained in Judge Martinez's PFRDs, but reasoned that due process required Luna be given the opportunity at resentencing to dispute any conviction not specifically listed in paragraph 28. [*Id.*]. In objecting to the second-amended PFRD, the Government pointed out that paragraph 28 actually identified three separate convictions for residential burglary. [Doc. 82]. Although in several rounds of briefing the parties failed to point out this critical fact, Judge Sweazea determined it was

---

[3]Excluding Luna's convictions as a juvenile, the PSR lists (1) a June 12, 1987 conviction for residential burglary committed on August 29, 1986 from the Second Judicial District Court in Albuquerque as identified in the "criminal history section" of the PSR; (2) a June 12, 1987 conviction for residential burglary committed on August 19, 1986 from the Second Judicial District Court in Albuquerque as identified in both the "criminal history" section of the PSR and paragraph 28; (3) a June 12, 1987 conviction for residential burglary committed on March 26, 1987 from the Second Judicial District Court in Albuquerque as reflected in both the "criminal history" section of the PSR as well as paragraph 28; (4) a June 3, 1996 conviction for residential burglary from the Fifth Judicial District Court in Roswell for which he was arrested on August 23, 1994 as identified in the "criminal history" section of the PSR; (5) an August 16, 1996 conviction for residential burglary from the Second Judicial District Court in Albuquerque for which he was arrested on December 19, 1995 as identified in both the "criminal history" section of the PSR and paragraph 28. [Doc. 21-1, pp. 11-18].

dispositive, assuaged any due process concerns, and recommended in a third-amended PFRD that the Court deny Luna's Section 2255 motion. [Doc. 84]. Luna objects to this final PFRD arguing, in sum, that Judge Sweazea misapplied the law in concluding that his New Mexico convictions for residential burglary are violent felonies under the ACCA and that Luna had fair notice of the convictions upon which the ACCA enhancement would be based. [Doc. 86].

## STANDARD

The Court undertakes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id*. Likewise, "theories raised for the first time in objections . . . are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) (citation omitted).

## DISCUSSION

Luna's objections comprise two alternative arguments that the magistrate judge misapplied the law: residential burglary under N.M. Stat. Ann. § 30-16-3(A) is not a violent felony under the ACCA, and even if it were, the Court may only count two such convictions against him for purposes of sentencing. The Court disagrees and overrules Luna's objections.

### Residential Burglary

Luna asserts that residential burglary, N.M. Stat. Ann. § 30-16-3(A), is not a violent felony under the enumerated clause because the offense encompasses more conduct than the federal "generic" version of burglary. Luna would be correct, however, *only* if a comparison

under the categorical approach demonstrates that the elements of residential burglary—or "things the prosecution must prove to sustain a conviction"— are broader than federal burglary, meaning those elements "cover[] []more conduct than the generic offense." *Mathis v. United States*, __U.S.__, __, 136 S. Ct. 2243, 2248 (2016) (citations omitted).[4]

As the Court understands his argument, Luna acknowledges a statute criminalizing burglary of a home would likely be a categorical match. It is Section 30-16-3(A)'s use of the term "dwelling house" that gives Luna pause. *See* N.M. Stat. Ann. § 30-3-16-3(A) ("Any person who, without authorization, enters a <u>dwelling house</u> with intent to commit any felony or theft therein is guilty of a third degree felony.") (Emphasis added). According to Luna, "dwelling house" encompasses boats and vehicles used for habitation that federal law would not recognize as generic burglary. *Compare* N.M. Rule Ann. 14-1631 (defining "dwelling house" for purposes of the Uniform Jury Instructions as "any structure, any part of which is customarily used as living quarters") *with Shepard v. United States*, 544 U.S. 13, 15-16 (2005) (stating the federal generic is limited to burglaries "committed in a building or enclosed space" but "not in a boat or motor vehicle").

Federal law is not, however, as narrow as Luna claims and New Mexico law is not as expansive. In *United States v. Spring*, the Tenth Circuit clarified that generic burglary extends to a "mobile home or a vehicle adapted for the overnight accommodation of persons." 80 F.3d 1450, 1462 (10th Cir. 1996) (citation omitted). Likewise, no New Mexico court has taken the

---

[4]The Court recognizes, and the parties agree, that burglary under N.M. Stat. Ann. § 30-16-3 is divisible between subsection (A) that punishes as a third-degree felony burglary of residences and subsection (B), burglary of everything else, which is a fourth-degree felony. Where a statute is divisible as here, the Court applies the modified categorical approach, which allows for the examination of a limited class of records to permit the Court to determine under what provision the defendant was convicted. *See Mathis*, 136 S. Ct. at 2249. In this case, Luna objects to the magistrate judge's determination that his convictions for residential burglary are violent felonies. Because there is no underlying dispute about divisibility, the Court is left to apply the categorical approach to subsection (B). *See id*. at 1253 (explaining that after the Court determines the under which provision of a divisible statute a defendant is convicted, the Court then applies the categorical approach to that provision).

Uniform Jury Instructions' definition of "dwelling house" and use of "structure" to include conveyances primarily intended for transportation. *Cf. United States v. Silva*, 608 F.3d at 663, 668 (10th Cir. 2010) (generic burglary includes "a building or other place designed to provide protection for persons or property against weather or intrusion," but not "conveyances whose primary purpose is transportation") (citation omitted).

The fact that case law has not endorsed Luna's view is significant. Although the absence of authority gives rise to a "theoretical possibility" that "structure" might include vehicles, there must be a "realistic probability" beyond the mere "application of legal imagination" that the New Mexico Supreme Court would define "structure" in the way Luna advocates. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Contrary to Luna's argument, all indications are that New Mexico would not embrace Luna's expansive position.

For one, to read "dwelling house" to include a vehicle would render superfluous the New Mexico legislature's obvious choice to punish burglaries of residences *distinct* from all other burglaries. *Compare* N.M. Stat. Ann. § 30-3-16(A) ("Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony") *with* § 30-16-3(B) ("Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, moveable or immoveable, with the intent to commit a crime therein is guilty of a fourth degree felony."). Luna's interpretation defies the statute's plain language.

For another, New Mexico has endorsed the common law rule that a "building is not a dwelling before the first occupant has moved in; nor does it continue to be a dwelling after the last occupant has moved out with no intention of returning." *See State v. Ervin*, 630 P.2d 765, 766 (N.M. Ct. App. 1981) (citation omitted). This statement connotes some temporal

permanency with respect to habitation that is not obviously reconcilable with a "structure" that is primarily used for transportation. More significantly, the New Mexico Court of Appeals has concluded that criminal trespass—the unauthorized entry onto the "lands of another"—is a lesser included offense of residential burglary because a "dwelling house" is necessarily on the "lands of another." *State v. Ruiz*, 617 P.2d 160, 168 (N.M. Ct. App. 1980), *superseded by statute on other grounds*. In *Ruiz*, the court reasoned that "lands" encompassed "buildings and fixtures, and is synonymous with real property," not vehicles, water or aircraft. *Id.* ("When one enters another's dwelling house, under our burglary statute, one has entered lands of another," which "would not apply if the burglary was of a vehicle, watercraft or aircraft.") (citation omitted). Under *Ruiz*'s logic, "dwelling house" excludes vehicles.

Contrary to Luna's assertion, *State v. Foulenfont* 895 P.2d 1329 (N.M. Ct. App. 1995) does not give rise to the "realistic probability" Luna needs for relief under *Johnson*. In *Foulenfont*, the New Mexico Court of Appeals considered the term "other structure" as used in both the preamble of the burglary statute and in subsection B, the non-residential burglary provision, and concluded that a fence is not a "structure." *Foulenfont*, 895 P.2d at 1332. The case does not interpret the term "dwelling house" and the Court does not find it persuasive here.[5] As every court in this District to have considered the issue has held, residential burglary in New Mexico is either equal to or narrower in scope than its federal "generic" counterpart. *See United States v. Marquez*, 2017 U.S. Dist. LEXIS 68938, *24 (D.N.M. May 5, 2017); *United States v. Alires*, 2017 U.S. Dist. LEXIS 65582, **54-55 (D.N.M. May 1, 2017); *Sanchez v. United States*, 2017 U.S. Dist. LEXIS 65460, *34 (D.N.M. April 30, 2017). A conviction under Section 30-16-

---

[5] Nor does the Court find helpful Luna's citation to *State v. Alvarez-Lopez*, 98 P.2d 699 (N.M. 2014), which concerned aggravated burglary of a mobile home. Even if aggravated burglary were the same offense, the Tenth Circuit has held that generic burglary under federal law includes mobile homes. *See Spring*, 80 F.3d at 1462. The same is true of *State v. Romero*, 958 P.2d 119 (N.M. App. 1998) and *State v. Daugherty*, 2013 N.M. Unpub. LEXIS 13 (N.M. Aug. 1, 2013), both of which concerned aggravated burglary in mobile homes.

3(A) is, therefore, a violent felony under the ACCA, and Luna's convictions for the offense qualify as predicates for enhancement of his sentence. The Court overrules Luna's objections asking the Court to hold otherwise.

## Number of Convictions

Luna's alternative challenge attacks—as it must—the Court's ability to use all but two of his past convictions for residential burglary. Luna insists that the Government waived reliance on any other conviction because he was not provided adequate notice of what past offenses listed in the PSR would be used against him. The Court disagrees. In his plea agreement, Luna covenanted that "the Court may rely on . . . facts in the presentence report to determine Defendant's sentence." [Doc. 42, ¶ 10]. Luna does not deny committing the residential burglaries listed in the criminal history section of the PSR, that there are more than three residential burglaries total, or these offenses count as "facts" upon which the Court was entitled to rely. If this provision were not sufficient notice itself, paragraph 28 of the PSR especially devoted to the ACCA enhancement lists three separate convictions for residential burglary in New Mexico. [CV Doc. 21-1, ¶28].

The Court recognizes that the parties and magistrate judges overlooked that paragraph 28 contained three separate residential-burglary convictions. And to be fair, paragraph 28 consists of only three numbered subsections; subsection 2 describes one conviction for residential burglary and subsection 3 describes one conviction for commercial burglary, whereas subsection 1 lists two convictions for residential burglary, committed on separate dates, with different victims, but for which a sentence was entered on the same date. [*Id.*]. Although it might be preferable that the PSR identify past convictions in a separately numbered paragraphs, the failure

to do so does not rise to a constitutional violation. Luna does not provide any authority to suggest otherwise.

Additionally, Luna's objection prior to sentencing to the use of the commercial-burglary conviction listed in paragraph 28 of the PSR as a basis to enhance his sentence demonstrates that he was afforded notice of the crimes upon which the enhancement would be based and was given the opportunity to object to the use of those crimes. [Doc. 47]. Prior to the objection, the Government had already listed four convictions in paragraph 28 and argued that the convictions in paragraph 28 formed a sufficient basis to enhance Luna's sentence. In response to the objection, the Government informed the Court of all of the other convictions for residential burglary in the criminal history section of the PSR that would qualify even if the commercial burglary was not a violent felony. [Doc. 49]. Thus, the Court is not persuaded that the Government waived reliance on the three residential burglaries set out in paragraph 28 of the PSR. *See, e.g.*, *United States v. Miller*, 868 F.3d 1182, n. 2 (10th Cir. 2017) ("A waived claim or defense is one that a party has knowingly and intelligently relinquished . . . .").

True, 18 U.S.C. § 3553(c) requires the Court to state the reasons for the sentence imposed. The Court agrees with Luna that a defendant is entitled to know what specific convictions will be used for an enhancement under the ACCA. Luna, however, received this information, although not in the form he now argues he should have received it—separate paragraphs each containing a single conviction. Even under *McCarthan v. Warden FCC Coleman-Medium*, 811 F.3d 1237 (11th Cir. 2016), *vacated sub nom McCarthan v. Dir. Of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (2017) (en banc), upon which Luna initially relied in making his due-process argument, it was incumbent upon Luna to make a specific objection to the PSR's use of residential burglary. Luna did not.

Ultimately, Luna was given a copy of the PSR, told in the specific portion of the PSR dedicated to enhancements under the ACCA of three prior convictions under New Mexico law for residential burglary and one for commercial burglary that would be used, and given an opportunity to object. Due process does not require anything more, and the Court overrules Luna's objections asserting the contrary.

## CONCLUSION

For the reasons stated above, Luna was convicted of at least three violent felonies under the ACCA that survive *Johnson*'s abolition of the residual clause, and those convictions were properly relied upon to enhance Luna's sentence.

**IT IS THEREFORE ORDERED** that

1. Luna's objections to the third-amended PFRD [Doc. 86; CV Doc. 33] are **OVERRULED**.

2. The Third Amended Proposed Findings and Recommended Disposition [Doc. 84; CV Doc. 32] are **ADOPTED**.

3. Luna's motion pursuant to Section 2255 [Docs. 57 & 61; CV Docs. 1 & 4] is **DENIED.**

4. This case is **DISMISSED WITH PREJUDICE**, and a final judgement shall be entered concurrently with this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE